UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **APRIL MARIE CARLSON**, <br><br> Plaintiff, <br><br> vs. <br><br> **SOCIAL SECURITY COMMISSIONER**, <br><br> Defendant. | 2:18-CV-13186-TGB <br><br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation of January 13, 2020 (ECF No. 15) recommending that Plaintiff's Motion for Summary Judgment (ECF No. 13) be denied, Defendant's Motion for Summary Judgment (ECF No. 14) be granted, and the Commissioner of Social Security's decision be affirmed.

The Court has reviewed Magistrate Judge Stafford's report and recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings

1

of fact and conclusions of law. Consequently, the decision of the Commissioner denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental social security income benefits ("SSI") under the Social Security Act is **AFFIRMED**.

Plaintiff filed timely objections to Magistrate Judge Stafford's January 13, 2020 Report and Recommendation. ECF No. 16. Defendant replied to the objections on February 3, 2020. ECF No. 17. This Court reviews *de novo* parts of a report and recommendation to which a party objects. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). In conducting that *de novo* review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* After careful analysis of the record, including Plaintiff's objections, the Court concludes Plaintiff's objections do not warrant reaching a conclusion contrary to the Administrative Law Judge (ALJ) or the Magistrate Judge's Report and Recommendation.

## I. Background

Plaintiff Carlson filed an application for DIB and SSI on September 10, 2015 at the age of 32 alleging a disability onset date of September 8, 2015. ECF 11-2, PageID.54. The Commissioner initially denied both disability applications, and Plaintiff requested a hearing, which was held in August 2017. *Id.* The ALJ released a written decision on December 5,

2017, concluding that Plaintiff was not disabled under the traditional five-step framework. *Id.* at PageID.57-64; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ also concluded that Plaintiff had the residual functioning capacity ("RFC") "to perform sedentary work . . . except [Plaintiff] requires the ability to change positions every 30 minutes for up to 30 minutes at a time. [Plaintiff] can only occasionally climb, stoop, crouch, crawl, or kneel. [Plaintiff] must avoid unprotected heights and dangerous moving machinery." ECF No. 11-2, PageID.58.

Plaintiff requested review from the SSA Appeals Council; the Appeals Council declined to review the ALJ's decision. *Id.* at PageID.36.

## II. Standard of Review

In cases where the SSA's Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Limited judicial review of the Commissioner's disability determination by a federal district court is permitted under 42 U.S.C. § 405(g). The scope of that judicial review is circumscribed in that the reviewing district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass*, 499 F.3d at

3

509 (quotation marks omitted). This substantial evidence standard is less exacting than the preponderance of the evidence standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) ("Substantial evidence is . . . more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). Satisfying the substantial evidence standard does not require finding that a decision for the other party would be unreasonable. Instead, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted *even if substantial evidence would support the opposite conclusion.*" *Bass*, 499 F.3d at 509 (emphasis added). The claimant bears the burden of proving that she requires a more restrictive RFC than that assessed by the ALJ. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Sentence Six of the Act permits remand only when a later adjudicator is presented with "new evidence which is material and that there is good cause for the failure to incorporate such evidence in to the record in a prior proceeding." 42 U.S.C. § 405(g). The claimant also bears the burden of proving that remand for consideration of new evidence is warranted. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2002).

### III. Analysis

The Court finds reversal of the ALJ's decision is not warranted in this case because the ALJ's decision was supported by substantial

4

evidence. The Court also finds that remand to the ALJ under Sentence Six is not warranted because Plaintiff has not shown that new evidence is material. Plaintiff raises six objections to the Report and Recommendation.

### **Objection No. 1**

Plaintiff's first objection concerns the Magistrate Judge's agreement with the ALJ's assessment that Plaintiff had an RFC for a reduced range of sedentary work. ECF No. 16, PageID.798-801.

First, Plaintiff contends the ALJ's RFC indicating that Plaintiff "requires the ability to *change positions* every 30 minutes for up to 30 minutes at a time" is "vague," was not found in the DOT, and "was an issue not resolved by the vocational expert under SSR 00-4p." ECF No. 16, PageID.799. She contends that the Magistrate Judge suggested this issue was waived because Plaintiff did not seek clarification from the vocational expert ("V"E) at the hearing. *Id.* But the Magistrate Judge did not say the issue was waived. Indeed, the Magistrate Judge did not consider the alleged ambiguity of the description because it was never raised in Plaintiff's Motion for Summary Judgment. ECF No. 13. This objection is therefore waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues

5

that were not presented to the magistrate.") (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)*; see also Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("Issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.").

As for later statements in Plaintiff's first objection, it is unclear to what portion of the Magistrate Judge's Report and Recommendation Plaintiff is objecting. Plaintiff references arguments she made in her Motion for Summary Judgment without explaining how the Magistrate Judge failed to consider them or how these arguments demonstrate that the ALJ's RFC determination is unsupported by substantial evidence. *See* ECF No. 16, PageID.800-01. The remainder of Plaintiff's first objection is waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection is filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious") (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)); *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) ("Plaintiff's objections are merely a restatement [of] the arguments he presented in his summary judgment brief, an approach that is not appropriate or sufficient.").

## Objection No. 2

Plaintiff's second objection concerns the Magistrate Judge's characterization of Plaintiff's September 2016 CT scan. ECF No. 16, PageID.801. Plaintiff contends that the CT scan also showed a grade 4 annular tear at L2-L3 and therefore the Report and Recommendation does not acknowledge the full scope of Plaintiff's lumbar spine disorder in September 2016. *Id.*

But importantly, even though the Magistrate Judge's report does not explicitly mention this grade 4 annular tear at L2-L3, the record shows that the ALJ did consider it. At page seven of the ALJ's report, the ALJ states that a September 2016 lumbar CT scan showed a grade 4 angular tear at L2-L3 and that this was the reason Dr. Shah recommended a right-sided endoscopic discectomy. ECF No. 11-2, PageID.60.

Moreover, Plaintiff does not explain how this additional pathology tips the scale in favor of finding that the ALJ's determination is not supported by substantial evidence. Put differently, while Plaintiff argues that the angular tear adds credibility to her complaints of severe spinal disorder, she does not actually challenge the ALJ's subjective complaint finding. *Hollon ex. Rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.").

Nor can it, because reversal is not warranted "even if substantial evidence would support the opposite conclusion," so long as substantial evidence supports the ALJ's conclusion. *Bass*, 499 F.3d at 509. And here, the Magistrate Judge acknowledged the September 2016 CT scan in *support* of Plaintiff's contention that she suffered from a severe spinal disorder. That the Magistrate Judge failed to list the tear found in the CT scan does not negate the Magistrate Judge's acknowledgement that Plaintiff had numerous spinal surgeries or her conclusion that Plaintiff suffered from a severe spinal disorder. Nor does it negate the ALJ's conclusion that despite surgery, Plaintiff had an RFC to perform limited sedentary work. In other words, Plaintiff's objection that the Magistrate Judge's report describes less pathology than noted in the ALJ's determination does not itself explain that the ALJ's determination is not supported by substantial evidence. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (stating that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

## **Objection No. 3**

Plaintiff's third objection is the Magistrate Judge's conclusion "that the treatment notes considered by the ALJ support her finding that Carlson had an RFC for a limited range of sedentary work. In January 2016, Jawada Shah, M.D., was 'very hesitant to offer any type of surgery' because there was no 'dramatic disk herniation' and because the EMG

8

and nerve conduction studies were negative for neuropathy." ECF No. 15, PageID.789. Plaintiff contends this is inaccurate because a further reading of Dr. Shah's treatment notes and reports show that Carlson has undergone three surgeries and shown a consistent need for treatment. ECF No. 16, PageID.801-03. Plaintiff argues that this "consistent need for treatment" is "clearly credible" and in taking her credibility into consideration, it is clear that she is unable to do even sedentary work. *Id.*

First, Plaintiff's challenge does not actually dispute the ALJ's credibility finding. And even if it had, "[t]he credibility findings of an [ALJ] must not be discarded lightly and should be accorded great deference." *Funderburg*, 2016 WL 1104466, at *1 (citing *Hardaway v. Sec'y. of Health and Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987)).

Moreover, Magistrate Judge Stafford's Report shows that the ALJ considered a number of other records concerning Carlson's lumbar spine disorder to conclude she had an RFC for a limited range of sedentary work: November 2015 nerve conduction summaries, a September 2016 CT scan, a February 2016 MRI, June 2016 MRI findings, a May 2017 MRI, and a June 2017 MRI. ECF No. 11-2, PageID.58-62. Additionally, the ALJ considered an August 2016 follow-up visit with Dr. Shaw, and notes from Carlson's primary care doctor, Josephine Bello, M.D., dated March, June, and August 2016.

As the Commissioner's response to Plaintiff's objections points out, this recitation of Dr. Shah's reports is an attempt to have the Court

9

reweigh the medical reports, which is impermissible. ECF No. 17, PageID.814 (citing *Mullins v. Sec'y. of Health & Human Servs.*, 680 F.2d 472, 472-73 (6th Cir. 1982) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary.")). In sum, Plaintiff's third objection does not demonstrate that the ALJ's RFC for sedentary work is not supported by substantial evidence.

### **Objection No. 4**

Plaintiff's fourth objection is to the Magistrate Judge's conclusion at pages 10 and 11 of her report that Dr. Bello's records provided the ALJ with substantial evidence that Plaintiff had an RFC for sedentary work. ECF No. 16, PageID.803-05.

Plaintiff indicates that other notes from Dr. Bello in the record show that in March of 2015 Carlson was seen for chronic low back pain, neuropathic pain and occipital neuralgia. She was also given a disability parking form. But these notes from Dr. Bello pertain to a period that pre-dates Plaintiff's disability onset date of September 8, 2015. ECF No. 11-2, PageID.54. Plaintiff's objection does not explain why these reports are relevant to determining Plaintiff's RFC status given their time frame. *Hollon*, 447 F.3d at 491.

Plaintiff also cites reports from a Genesee Urgent Care visit in October 2016 that note a headache that had been ongoing for three days, and a subsequent March 2017 visit noting a headache that lasted several days. ECF No. 16, PageID.804. These reports refer to migraines. But the

Magistrate Judge's conclusion at pages 10-11 regarding Dr. Bello are in relation to Plaintiff's lumbar spine disorder—not her migraines.

Therefore, that the Magistrate Judge did not consider these reports by Dr. Bello when discussing evidence of Plaintiff's lumbar spine disorder is not indicative of any error. They do not negate the Magistrate Judge's conclusion that Dr. Bello's records provided the ALJ with substantial evidence that Plaintiff had an RFC for sedentary work for her lumbar spine disorder.

## **Objection No. 5**

Plaintiff reasserts her claim from Objection Four and contends that Carlson has met her burden of showing that she requires a more restrictive RFC for her migraine headaches, despite the Magistrate Judge's conclusion to the contrary at page 12 of her report. ECF No. 16, PageID.805.

The VE testified at the hearing that an individual could have one unexcused absence per month and still maintain employment, explaining that any additional unexcused absences would preclude work. ECF No. 11-2, PageID.97. Plaintiff contends that in light of the Genesee Urgent Care reports showing Carlson has had migraines that last several days, she is precluded from full-time work under the conditions the VE described. ECF No. 16, PageID.805. Plaintiff also accounts for the large gaps between reporting migraines to her treaters; Carlson explains that

"[i]t is simply unrealistic to expect that every time someone gets a migraine headache that they have to go to the doctor's office." *Id.*

But Plaintiff does not explain how two urgent care visits for migraines, months apart, contradict the ALJ's conclusion that the record contains very few instances of treatment for migraines and that there were several months in between office visits. The ALJ also considered the fact that Plaintiff was given a referral to a neurologist for her migraines, but the record does not show that Plaintiff ever saw the specialist. ECF No. 11-2, PageID.62; *see also Strong v. Soc. Sec. Admin.*, 88 Fed.Appx. 841, 846 (6th Cir. 2004) ("In the ordinary course, when a claimant alleges pain so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment. A failure to do so may cast doubt on a claimant's assertions of disabling pain."). Further, there was evidence that Plaintiff denied migraines or other headaches to her providers in May, June, August, and September 2017. *See* ECF No. 11-7, PageID.358 (Dr. Bello annual physical notes indicating no complaints of headaches or other neurological issues in January 2017); ECF No. 11-9, PageID.703 (June 2017 neurologic progress notes state lower back pain but no migraines or headaches); *Id.* at PageID.713 (May 2017 neurologic progress notes stating no headaches); *Id.* at PageID.721 (August 2017 neurologic progress notes stating no headaches).

Ultimately, while the Genesee Urgent Care reports show some evidence that a more restrictive RFC could have been recommended by

the ALJ, the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). There is still substantial evidence that Plaintiff's migraine headaches were not so frequent or severe that she would be unable to perform sedentary work. This objection fails.

### **Objection No. 6**

Plaintiff's final objection targets the Magistrate Judge's conclusion that Plaintiff's "new" evidence from board certified orthopedic surgeon, Kevin Lawson, MD was not material and therefore did not warrant remand under Sentence Six. ECF No. 16, PageID.806-07 (citing Dr. Lawson's February 2018 progress notes, ECF No. 11-2, PageID.43-46); ECF No. 13-1 (Dr. Lawson's operation notes following June 2018 lumbar surgery)). Plaintiff contends that had the ALJ known that Plaintiff's second surgery was a fusion resulting in a nonunion and very poor bone formation that did not allow the surgery to work, the ALJ would have formulated a more limited RFC that would have precluded sedentary work. *Id.*

Relevant portions of Dr. Lawson's progress notes state that his evaluation "strongly suggests nonunion of prior L2-3 level fusion and severe disc degeneration posttraumatic with central protrusion at L5-S1 level." ECF No. 11-2, PageID.43. It additionally notes "very poor bone formation" and "significant spine derangements to the degree I would not

13

expect her to be able to work full time. And even part time only the most sedentary activities." *Id.* at PageID.45.

Remand is only permitted under Sentence Six if there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence in to the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff contests the Magistrate Judge's conclusion that Dr. Lawson's reports are not material. Evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different decision if the new evidence were considered. *Foster*, 279 F.3d at 357.

While the reports indicate that Plaintiff's lumbar issues have worsened, "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y. of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992). But Plaintiff also argues that the reports confirm that her first two spinal surgeries were *unsuccessful* "thus rendering her disabled during this time back to her alleged onset date." ECF No. 13, PageID.749. Further, she argues that the new evidence shows that Plaintiff's pain complaints following the second surgery were credible. *Id.*

But to the extent Dr. Lawson's reports can be considered relevant evidence of Plaintiff's condition in 2016 and 2017 (and this is unclear, given they explain Plaintiff's condition in 2018 after the administrative hearing), they would be tempered by Dr. Shah's contemporaneous examinations of Plaintiff indicating that he was against surgery in 2016

14

because her condition was not "profound" at that time. ECF No. 11-2, PageID.60. And when reviewing the ALJ's reasoning, there is not a reasonable probability that more evidence of credible pain complaints in August of 2017 would have caused the ALJ to find that from September 1, 2015 to August 1, 2017, Plaintiff could not perform sedentary work.

Further, as noted by the Magistrate Judge, Dr. Lawson's diagnosis is not sufficient here to warrant remand. *See Higgs v. Bowen*, 880 F.2d 860, 863-64 (6th Cir. 1988) (indicating that a diagnosis, alone, does not dictate a finding of disability or the need for greater physical restrictions). This Court agrees with the Magistrate Judge that Plaintiff has not shown that there is a reasonable probability that the ALJ would have reached a different disposition if presented with Dr. Lawson's records.

## IV. Conclusion

In sum, Plaintiff's objections do not warrant declining to adopt Magistrate Judge Stafford's Report and Recommendation. As such, the Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Stafford's Report and Recommendation of January 13, 2020 (ECF No. 15) as this Court's findings of fact and conclusions of law. It is **FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED: March 27, 2020.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge